In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00825-CR

____________


JOSE ELIAS MORALES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1083272 





MEMORANDUM OPINION


 A jury convicted appellant, Jose Elias Morales, of aggravated sexual assault
of a child and assessed punishment at 58 years in prison. In one issue, appellant
alleges that the trial court abused its discretion by denying his motion for acquittal. 
He argues that the evidence was legally and factually insufficient because the two
eyewitnesses were not credible.

 We affirm.

Background

 Appellant shared a one-bedroom apartment with V.V. and her two young
children, three-year-old daughter L.V. and an infant son. (1) One day, appellant's
daughter Jessica Morales, her boyfriend Marvin Montes, and their two children
came to appellant's apartment. When they arrived, V.V. was in the living room,
changing her infant son's diaper. Jessica and Marvin went to the bedroom, where
the door was ajar. They both saw L.V. lying on the bed, legs apart, with her
underwear pulled down to her knees, with appellant standing over her, with his
erect penis touching L.V.'s sexual organ. When he noticed Jessica and Marvin in
the room, appellant jumped up and pulled up his pants.

 Jessica and Marvin left, taking their children to a neighbor's apartment. At
trial, Jessica testified that she did not confront her father because she was shocked,
upset, and crying. Marvin testified that he did not confront appellant because he
was concerned for Jessica and their children. 

 From the neighbor's apartment, Jessica called V.V. and asked her to bring
L.V. to the neighbor's apartment. V.V. left the apartment with her children and
went to see Jessica. After Jessica told V.V. what she saw, V.V. called the police. 
V.V. and L.V. were taken to Texas Children's Hospital, where a nurse examined
L.V. for sexual assault. Although the examination was inconclusive, the nurse
testified that a man's erect penis could contact a child's genital area without leaving
any physical injury. She also testified that while she examined L.V., L.V. made a
spontaneous statement to her and L.V. inserted her finger into her own vagina. The
defense rested without presenting any testimony.

 In his sole issue, appellant contends that the trial court abused its discretion
by denying his motion for acquittal at the close of the State's evidence. (2) He argues
that the evidence is legally and factually insufficient because: (1) the two
eyewitnesses were not credible; (2) the two eyewitnesses did not confront him or
V.V. with their observations before they left the apartment; and (3) there was no
physical evidence.


Standard of Review

 Appellant was convicted of aggravated sexual assault of a child. A person
commits aggravated sexual assault if the person intentionally or knowingly "causes
the sexual organ of a child to contact . . . the . . . sexual organ of another person,
including the actor." Tex. Penal Code Ann. § 22.021 (a)(1)(B)(iii) (Vernon Supp.
2008). "Child" is defined as "a person younger than 17 years of age who is not the
spouse of the actor." Tex. Penal Code Ann. § 22.011(c)(1) (Vernon Supp. 2008).

Legal Sufficiency 

 In evaluating the legal sufficiency of the evidence, we view the evidence in
the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We
note that the trier of fact is the sole judge of the weight and credibility of the
evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus,
when performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the factfinder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve
any inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).


Factual Sufficiency

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We
will set aside the verdict only if (1) the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or (2) the verdict is against the great weight
and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). Under the first prong of Johnson, we cannot conclude that a conviction
is "clearly wrong" or "manifestly unjust" simply because, on the quantum of
evidence admitted, we would have voted to acquit had we been on the jury. Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial
simply because we disagree with the jury's resolution of that conflict. Id. Before
holding that evidence is factually insufficient to support a verdict under the second
prong of Johnson, we must be able to say, with some objective basis in the record,
that the great weight and preponderance of the evidence contradicts the jury's
verdict. Id. In conducting a factual-sufficiency review, we must also discuss the
evidence that, according to the appellant, most undermines the jury's verdict. See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
factfinder. King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000). The
factfinder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the factfinder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the factfinder may choose to believe all, some, or none
of the testimony presented. Id. at 407 n. 5.

Discussion

 Here, taken in the light most favorable to the verdict, the evidence was not
legally insufficient to establish appellant's guilt. Jessica and Marvin both testified
that they witnessed the assault. A rational trier of fact could have found that
appellant committed aggravated sexual assault against L.V. beyond a reasonable
doubt. (3) See Vodochodsky, 158 S.W.3d at 509. 

 The evidence is also not factually insufficient. The defense presented no
witnesses, nor did it elicit contradictory testimony from the State's witnesses. 
Appellant argues that Jessica and Marvin testified that they saw appellant and L.V.
in slightly different positions on and near the bed while appellant assaulted L.V. 
Appellant contends that this makes their testimony contradictory. It does not. Both
Jessica and Marvin testified that they saw appellant touch L.V.'s sexual organ with
his penis. By its verdict, the jury determined that the witnesses were credible, and
we do not substitute our judgment for theirs. See Cain, 958 S.W.2d at 408-09. 
Similarly, the jury believed Jessica's and Marvin's explanations as to why they did
not confront appellant and the nurse's explanation of why there would not
necessarily be physical evidence. The evidence that appellant sexually assaulted
L.V. is neither so weak that the verdict was clearly wrong and manifestly unjust nor
was the verdict against the great weight and preponderance of the evidence. See
Johnson, 23 S.W.3d at 11. 

 Because we conclude that the evidence was both neither legally nor factually
insufficient, we hold that the trial court properly denied appellant's motion for
acquittal. We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.





 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant's daughter, Jessica Morales, and her two young children also lived
there.
2. We interpret this issue as appellant complaining of the trial court denying a
motion for instructed verdict, which we review on appeal as legal insufficiency. 
See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) ("A
challenge to the trial judge's ruling on a motion for an instructed verdict is in
actuality a challenge to the sufficiency of the evidence to support the
conviction.") 
3. V.V. testified that her three-year-old daughter was not married to appellant.